UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHACK ENTERPRISES, INC.<br><br>                      Plaintiff,<br><br>v.<br><br>ARISTOTLE HATZIGEORGIOU,<br><br>                      Defendant. | Case No.: _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Shack Enterprises, Inc. d/b/a Shell Shack ("Shell Shack" or "Plaintiff"), by its attorneys Baker & McKenzie LLP, complains and alleges against defendant Artistotle Hatzigeorgiou ("Defendant") as follows:

## NATURE OF THE ACTION

1.  This is a case of a party having received – and is now enjoying – the benefit of a federal trademark registration for a mark not rightfully theirs and for which they do not have bona fide use in interstate commerce. Despite having been put on notice of Shell Shack's rights in the SHELL SHACK trademark, the Defendant pursued his application, which erroneously matured to registration, based on Defendant's false representations to the U.S. Patent and Trademark Office ("USPTO").

2.  Shell Shack brings this action to cancel Defendant's trademark registration, pursuant to 15 U.S.C. § 1119. In addition, Shell Shack seeks injunctive relief and damages for unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for related claims of trademark infringement in violation of Shell Shack's common law rights.

1

## THE PARTIES

3. Shack Enterprises, Inc. d/b/a Shell Shack is a corporation duly organized under the laws of the State of Texas, with its principal address at 3330 Earhart Dr., Suite 213, Carrollton, Texas 75006.

4. Upon information and belief, Artistotle Hatzigeorgiou is a United States citizen with a principal address of 80 Warren St., Apt 66, New York, New York 10007. Process may be served on Defendant at his principal address or wherever he may be found.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338 and 15 U.S.C § 1121, as this action arises under United States trademark law, including the Lanham Act, codified at 15 U.S.C. § 1125(a).

6. This Court has personal jurisdiction over Defendant because the Defendant is located in, conducts business in this judicial district, and has committed tortious acts within this judicial district.

7. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) because Defendant is deemed to reside in this judicial district and a substantial part of the events giving rise to the claims herein occurred and continue to occur in this judicial district.

## STATEMENT OF FACTS

8. Shell Shack is the operator and franchisor of a chain of seafood restaurants that operate under the name SHELL SHACK. Shell Shack's principal logo ("Shell Shack Design Mark") is shown below.



The word SHELL SHACK and the Shell Shack Design Mark are collectively referred to as the "Shell Shack Marks."

9. Shell Shack has used the Shell Shack Marks in connection with its seafood restaurants since at least as early as October 1, 2013.

10. For over 7 years, Shell Shack has continuously used the Shell Shack Marks in interstate commerce in connection with restaurant and bar services.

11. Shell Shack has expanded its restaurants in Texas and operates restaurant locations across the southern and southeastern portion of the United States.

12. Shell Shack has advertised its restaurants extensively on social media and the internet.

13. Shell Shack's restaurants have received nationwide press coverage for its seafood and events, including without limitation with regard to its Clearwater, Florida location and National Crawfish Day, which Shell Shack founded.

14. Customers come to Shell Shack's restaurants from all over the country, including New York.

15. Shell Shack has received online reviews from customers from all over the country, including without limitation customers from Midtown Manhattan, Washington, DC, and Kansas City, among other locations.

16. Shell Shack has expended considerable time, effort, and expense in promoting, advertising and popularizing the Shell Shack Marks in connection with restaurant and bar services. As a result of such extensive use and substantial promotion of services offered under the Shell Shack Marks, purchasers have come to know, rely upon, and recognize Plaintiff's Shell Shack Marks as strong indicators of the source of its restaurant and bar services. As such, Plaintiff's Shell Shack Marks represent significant goodwill, and are valid and legally protectable.

17. Shell Shack applied to register its Shell Shack Design Mark with the USPTO. On August 18, 2015, Shell Shack filed application Serial No. 86/728,678 (the "Application") for the Shell Shack Design Mark on a use basis, claiming a date of first use in interstate commerce of October 1, 2013.

18. On August 6, 2015, two years after Shell Shack's first use of the Shell Shack Marks, Defendant applied to register the mark SHELL SHACK for "providing of food and drink; restaurant, bar and catering services; serving food and drinks; serving of food and drink/beverage" on an intent-to-use basis.

19. Shell Shack first learned of Defendant's application to register SHELL SHACK on or about December 8, 2015, when the USPTO issued an office action, citing Defendant's application as a potential bar to registration on likelihood of confusion grounds.

20. After learning of Defendant and his intended use of the SHELL SHACK mark for competing restaurant and bar services, Shell Shack contacted Defendant to inform him of Shell Shack's use and prior senior rights in the Shell Shack Marks.

21. On February 19, 2019, in support of his application to register the SHELL SHACK mark, Defendant filed a statement of use alleging a date of first use of February 19, 2019, which corresponds to the date on which Defendant filed his trademark application.

22. As part of the statement of use filing – *and despite having been made aware of Shell Shack's rights in the Shell Shack Marks* – Defendant submitted a declaration, representing to the USPTO that "[t]o the best of the signatory's knowledge and belief, no other persons, except, if applicable, authorized users, members, and/or concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services/collective membership organization of such other persons, to cause confusion or mistake, or to deceive."

23. Upon information and belief, such statements were made in bad faith and in an attempt to perpetrate a fraud on the USPTO because Defendant knew or acted in reckless disregard of the truth that Plaintiff was the senior user of the Shell Shack Marks.

24. In reliance on the truth of such materially false statements, the USPTO issued registration number 5,715,777 ("Registration") to Defendant on April 2, 2019.

25. In addition, Defendant does not appear to be making bona fide use of the SHELL SHACK mark in interstate commerce. Defendant has a website at https://shellshackny.com/, which displays the Shell Shack mark as shown below (URL last accessed May 28, 2021).



However, when you click on the "Order Now" button, you are taken to the following page, which takes you to another website (https://www.seamless.com/menu/clinton-hall-90-washington-st-new-york/321419 (last accessed May 28, 2021)), for an entirely different restaurant named "Clinton Hall," shown below, that neither contains the Shell Shack mark nor any of the menu items that it purports to offer. Indeed, there is not one seafood item on the menu.



26. Upon information and belief, Defendant has never used, or has ceased use of, the SHELL SHACK mark in commerce, interstate or otherwise, in connection with the food and beverage services covered by the Registration.

7

27. Defendant's failure to use the SHELL SHACK mark in interstate commerce constitutes an independent basis for the cancellation of Defendant's Registration.

28. Defendant's application, filed less than two weeks prior to Shell Shack's Application, has been cited as a potential bar to the registration of the Application.

29. Shell Shack is the senior user of the Shell Shack Marks.

30. On the basis of Shell Shack's senior use, Shell Shack filed a petition to cancel the Registration with the USPTO on August 7, 2019.

## COUNT I
## CANCELLATION OF FEDERAL REGISTRATION BASED ON FRAUD

31. Shell Shack incorporates by reference the allegations in each of the preceding paragraphs as if fully set forth herein.

32. After being made aware of Shell Shack's rights in the SHELL SHACK mark, Defendant submitted a declaration to the USPTO in which he fraudulently represented that "no other persons . . . have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services/collective membership organization of such other persons, to cause confusion or mistake, or to deceive." Such statements constitute a material misrepresentation.

33. Upon information and belief, such statements were made in bad faith and in an attempt to perpetrate a fraud on the USPTO because Defendant knew or acted in a reckless disregard of the truth that Plaintiff is the senior rights holder in the SHELL SHACK mark.

34. Reasonably relying on the truth of such materially false statements, the USPTO approved Defendant's trademark application and subsequently issued the Registration.

35. Defendant's fraudulent efforts to obtain the Registration, which is currently blocking Plaintiff's trademark application, gives rise to an actual controversy.

36. Shell Shack seeks an order directing the USPTO to cancel Defendant's Registration based upon fraud, in accordance with 15 U.S.C. § 1119.

## COUNT II
## CANCELLATION BASED ON ABANDONMENT/NON-USE

37. Shell Shack incorporates by reference the allegations in each of the preceding paragraphs as if fully set forth herein.

38. Upon information and belief, Defendant is not using and/or has never used the SHELL SHACK mark in interstate commerce, and has therefore abandoned his rights to the SHELL SHACK mark.

39. Defendant's Registration is currently blocking Plaintiff's trademark application, giving rise to an actual controversy.

40. Shell Shack seeks an order directing the USPTO to cancel Defendant's Registration based upon abandonment/non-use, in accordance with 15 U.S.C. § 1119.

## COUNT III
## CANCELLATION BASED ON LIKELIHOOD OF CONFUSION

41. Shell Shack incorporates by reference the allegations in each of the preceding paragraphs as if fully set forth herein.

42. Shell Shack is the senior user of the Shell Shack Mark and has used the Shell Shack Mark in commerce before the filing date of Defendant's Registration, and long before any date of first use that Defendant may prove.

43. Defendant's Shell Shack mark is confusingly similar to Plaintiff's Shell Shack Mark. Indeed, the marks are identical in sound, appearance and commercial impression.

44. In addition, the restaurant services listed in Defendant's Registration are identical or highly related to Plaintiff's restaurant services, and are offered and promoted in the same channels of trade and to the same class of consumers.

45. Defendant's unauthorized use of the SHELL SHACK mark is likely to cause confusion, or to cause mistake, or to deceive the consuming public as to the sponsorship or approval of Defendant's business by Shell Shack, in violation of Section 2(d), 15 U.S.C. § 1052(d).

46. Such confusion will substantially harm Shell Shack's goodwill and damage Shell Shack's significant investment in the Shell Shack Marks.

47. Shell Shack seeks an order directing the USPTO to cancel Defendant's Registration based on a likelihood of confusion, in accordance with 15 U.S.C. § 1119.

## COUNT IV
## FEDERAL UNFAIR COMPETITION

48. Shell Shack incorporates by reference the allegations in each of the preceding paragraphs as if fully set forth herein.

49. Defendant's use of the SHELL SHACK mark is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's restaurant and bar services are affiliated, connected, or associated with Shell Shack, or have the sponsorship, endorsement, or approval of Shell Shack.

50. Defendant's unauthorized use and registration of the mark Shell Shack is willful and in complete disregard for Shell Shack's prior rights.

51. Defendant's conduct complained of herein will cause substantial and irreparable damage to Shell Shack if Defendant is not permanently enjoined by this Court from further violations of Shell Shack's rights and Shell Shack has no adequate remedy at law.

## COUNT V
## COMMON LAW TRADEMARK INFRINGEMENT

52. Shell Shack incorporates by reference the allegations in each of the preceding paragraphs as if fully set forth herein.

53. Shell Shack uses and has continuously used the Shell Shack Marks while marketing and offering its restaurant and bar services in Texas, Florida, and to customers throughout the United States, including customers from New York.

54. Shell Shack's extensive use of the Shell Shack Marks in interstate commerce has conferred substantial common law rights in the Shell Shack Marks.

55. The Shell Shack Marks are valid and legally protectable.

56. Despite Shell Shack's senior rights in the Shell Shack Mark, and despite Shell Shack's notice to Defendant of its rights in the Shell Shack Marks, Defendant began to use the mark Shell Shack in connection with restaurant and bar services.

57. Defendant acted with knowledge of Shell Shack's rights and with intent.

58. Defendant's conduct complained of herein will cause substantial and irreparable damage to Shell Shack if Defendant is not permanently enjoined by this Court from further violation of Shell Shack's rights and Shell Shack has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Shell Shack respectfully demands:

a. A declaration that Defendant has infringed Shell Shack's rights in the Shell Shack Marks, and engaged in unfair competition relating thereto;

b. That this Court cancel Defendant's Registration (U.S. Reg. No. 5,715,777);

c. A declaration that Shell Shack be entitled to the exclusive use of the Shell Shack Marks and that Defendant has no right to continued use of the mark Shell Shack;

d. Ordering Defendant to pay Shell Shack's attorneys' fees and costs in connection to this suit under the Declaratory Judgment Act;

e. Ordering Defendant to pay Shell Shack's attorneys' fees and costs in connection to this suit under 15 U.S.C. § 1117;

f. That the Court issue an order enjoining and restraining Defendant from the use of the mark Shell Shack and any mark that is the same as or confusingly similar to the Shell Shack Marks;

g. Pre-judgement and post-judgment interest according to law.

h. Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Shell Shack demands a trial by jury on all issues so triable in this action.

Respectfully submitted,

Dated: New York, New York
June 21, 2021

BAKER & McKENZIE LLP

By: /s/ Joshua S. Wolkoff
Joshua S. Wolkoff
452 Fifth Avenue
New York, New York 10018
Tel: (212) 626-4100
Fax: (212) 310-1600
Joshua.Wolkoff@bakermckenzie.com

Dyan M. House
(*pro hac vice* forthcoming)
1900 North Pearl Street, Suite 1500
Dallas, Texas, 75201
Tel.: 214-978-3000
Fax: 214-978-3099
dyan.house@bakermckenzie.com

*Attorneys for Shack Enterprises, Inc.*